**Edward ROSS**

v.

**Clifton P. MOAK, d/b/a Red's Boat Store, et al.**

**Civ. A. No. 74-20.**

United States District Court,
M. D. Louisiana.

Jan. 20, 1975.

**462**

Joseph R. Raggio, Taylor & Raggio, Baton Rouge, La., for plaintiff.

Paul H. Spaht, Kantrow, Spaht, Weaver & Walter, James A. George, George & George, Ltd., Baton Rouge, La., for Clifton P. Moak, d/b/a Red's Boat Store and Hartford Accident and Indemnity Company.

E. GORDON WEST, District Judge:

This suit is before the Court on motion of the defendants, Clifton P. Moak,

d/b/a Red's Boat Store, and the Hartford Accident and Indemnity Company for summary judgment on the grounds that this suit is not cognizable within this Court's admiralty jurisdiction and that movants are entitled to judgment as a matter of law. The claim arose from back injuries sustained by plaintiff when he slipped and fell on a wooden gangway used as a means of access to and from Red's Boat Store, a midstream supplier located on moored barges on the Mississippi River in Baton Rouge, Louisiana, as he was delivering laundry to that business in his capacity as an employee of Duke's Commercial Laundry.

Plaintiff alleges that the structure known as Red's Boat Store was a "vessel in navigation" and that he has a right of action under general maritime law against Clifton P. Moak, owner of Red's Boat Store, for the injuries sustained by him as a result of Moak's alleged negligence and/or the unseaworthiness of the alleged vessel. The defendants deny the vessel status of the structure upon which Red's Boat Store is located for maritime jurisdictional purposes, and assert that there exist insufficient maritime contacts in plaintiff's cause of action to bring his case within this Court's admiralty jurisdiction. For the following reasons, it is the opinion of this Court that summary judgment in defendants' favor is in order, and the motion will be granted dismissing this suit.

▉ Initially, plaintiff nowhere alleges that he was doing the traditional work of a seaman, and thus, assuming *arguendo* that this structure was a "vessel in navigation," he was not owed a warranty of seaworthiness due to his lack of seaman's status. As stated in Offshore Company v. Robison, 266 F.2d 769 (CA 5—1959):

"(t)he admiralty doctrine of absolute liability for unseaworthiness is based on protection of seamen who sign articles for a voyage and are there under the absolute control of a master with power to order seamen to do the ship's

work in any weather, under any conditions, using such equipment as may be furnished by the shipowner." At 781.

▉ Having non-seaman status, plaintiff's only possible claim in admiralty would be for negligence attributable to defendant Moak which may have caused his injuries. As a business invitee plaintiff would have been owed a duty of reasonable care by defendant Moak to provide him a safe place to carry out his purpose of business. Sennett v. Shell Oil Co., 325 F.Supp. 1 (D.C.La. 1971). "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1958). But plaintiff would only be able to bring his claim within the admiralty jurisdiction of this Court if the structure were a vessel in navigation, *or* if the "locality test" were met *and* there were sufficient maritime contacts constituting "a significant relationship between the tort and traditional maritime activity." Jiles v. Federal Barge Lines, Inc., 365 F.Supp. 1225 (E. D.La.1973); Executive Jet Aviation v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); " . . . the tort must be of a maritime nature and there must be a relationship between the [alleged] wrong and some maritime service, navigation, or commerce on navigable waters." Jiles v. Federal Barge Lines, Inc., supra, 365 F. Supp. at 1228; Chapman v. City of Grosse Pointe Farms, 385 F.2d 962 (CA 6—1967).

Red's Boat Store, a midstream supplier on the Mississippi River, operated from three deactivated deck barges at the time of this accident. These barges were tied together side-to-side by means of rope and cable, and were moored to the river bank by means of shore wires, or steel cables, attached to "deadmen" which were permanently fixed on the river bank. While these barges floated on these navigable waters, their basic

position never changed. During periods when the water level of the Mississippi River fluctuated, Moak or one of his employees would adjust the shore wires to the degree necessary to maintain access to Red's Boat Store from the river bank. These barge structures had shore-based water lines, telephone lines, and electrical connections affixed thereon to provide the essential utilities to carry on business.

■ We conclude that these deactivated barges were not a "vessel in navigation" for maritime jurisdictional purposes, since they were not, in the manner used, "designed for transportation of passengers, cargo, or equipment from place to place across navigable waters," even though they were most probably constructed originally for that purpose. Cook v. Belden Concrete Products, Inc., 472 F.2d 999, 1002 (CA 5—1973); Jiles v. Federal Barge Lines, Inc., supra. Looking at the midstream supply business in which these deactivated barges were engaged, their actual function as a permanent situs for an on-going business, and their status as such at the time of the injury, the conclusion is compelled that these barges were not a "vessel in navigation" such as to invoke admiralty jurisdiction. Jiles v. Federal Barge Lines, Inc., supra, Cookmeyer v. Louisiana Department of Highways, 309 F.Supp. 881 (E.D.La.—1970), aff'd, 433 F.2d 386 (CA 5—1970), cert. den. 401 U.S. 980, 91 S.Ct. 1214, 28 L.Ed.2d 332 (1971). Thus the wooden gangway to Red's Boat Store on or from which plaintiff fell was not an "appurtenance to a vessel" to which a duty of reasonable care would otherwise have extended *in admiralty* if these barge structures had been of "vessel" status. Zanos v. Marine Transport Lines, Inc., 315 F. Supp. 321 (D.C.Pa.—1970); Romero Reyes v. Marine Enterprises, Inc., 494 F.2d 866 (CA 1—1974).

■ Parenthetically, we conclude also that Red's Boat Store is not an "extension of land." It simply does not meet the test adopted by the Fifth Circuit in

Peytavin v. GEICO, 453 F.2d 1121 (CA 5—1972). There the Court, in quoting the Fourth Circuit in Hastings v. Mann, 340 F.2d 910, 911, stated that:

"(t)o come within the land extension rule, of course, the structure must be firmly attached to the land. A vessel moored to a dock does not become an extension of the land nor do other structures secured to the shore by cables, or other temporary means."

As in *Jiles*, we must now confront "the issue of whether the plaintiff's claim for negligence, as a general maritime tort claim, can be maintained in a situation where the alleged tort occurred on [an extension of] a structure afloat on navigable waters, not suitably categorized as a 'vessel,' and, simultaneously, not clearly found to be an 'extension of land.' In determining whether this negligence claim invokes admiralty jurisdiction, the locality test *and* the maritime connexity test must be satisfied." (Emphasis added.) 365 F.Supp. at 1227; Executive Jet Aviation v. City of Cleveland, supra.

■ Neither test is met in this instance. The evidence shows that the alleged tort did not occur on navigable waters as required by The Genesee Chief v. Fitzhugh, 53 U.S. (12 How.) 443, 13 L. Ed. 1058 (1851); and by The Plymouth, 70 U.S. (3 Wall.) 20, 18 L.Ed. 125 (1865). The wooden gangway onto or from which the plaintiff fell was over the river bank proper and did not extend over the water's edge. The pictures attached to defendant Moak's deposition, while not accurately portraying the location at the time of plaintiff's accident, indicate that the steel gangway extended beyond the water's edge bankward, above the ground, onto which was placed the boardwalk, or wooden gangway, where plaintiff slipped and fell.

Besides the absence of a maritime locality here, this Court finds that this alleged tort lacks a sufficient relationship to maritime activity, after considering the criteria established in Peytavin v. GEICO, supra, for finding sufficient

maritime contacts to sustain admiralty jurisdiction in a personal injury suit. Accord: Gowdy v. U. S., 412 F.2d 525 (CA 6—1969); Jiles v. Federal Barge Lines, Inc., supra.

Here the claimed wrong was the alleged failure of defendant Moak to provide a safe gangway to gain access to Red's Boat Store, and Moak's alleged failure to have inspected the gangway to see that it was in a safe and proper condition. First considering the activities and relationship of the parties, we find that plaintiff was employed by Duke's Commercial Laundry, who was not a maritime contractor, and whose employees were neither seamen, longshoremen, nor harbor workers. The defendant Moak operated a marine supply business on a structure that was not a vessel. The significance, if any, of the relationship between these parties was minimal.

Secondly, we must look at the cause of the injury sustained. The injury was allegedly caused by an unsafe wooden boardwalk extending from the river bank to the steel gangway which extended over the bank of the river. This cause, if proven, would be non-maritime in nature because the wooden gangway was not an appurtenance to a vessel, and did not extend over the water.

Lastly, looking to the nature of the damages sustained, we find that these were also of a non-maritime nature since plaintiff fell either onto the river bank or the wooden gangway above the ground in sustaining his injuries. In either case, there is no maritime connexity.

This Court concludes that the structure in question operated as Red's Boat Store was not a "vessel in navigation," that the injury did not occur on navigable waters, and that there were no significant maritime contacts between the alleged tort and traditional maritime activity. For these reasons, the motion of the defendants Clifton P. Moak d/b/a Red's Boat Store, and the Hartford Ac-

cident and Indemnity Company for summary judgment will be granted, dismissing this suit for want of admiralty jurisdiction. Judgment will be entered accordingly.